**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**

CASE NO.:

DAVID SHAPIRO,

      Plaintiff,

-vs-

EXPERIAN INFORMATION
SOLUTIONS, INC., and CREDIT ONE
BANK, N.A.

      Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, David Shapiro (hereinafter "Plaintiff"), alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* (hereinafter "FCRA"), against Experian Information Solutions, Inc. (hereinafter "Experian"), and Credit One Bank, N.A. (hereinafter "Credit One") for illegal credit reporting activities.

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction under 15 U.S.C. § 1692k and 28 U.S.C. § 1331 because this action arises out of a federal statute.

2. This Court has personal jurisdiction because Defendants' conduct business throughout the United States, including Florida. Further, Defendants' voluntary contact with Plaintiff to charge, report, and attempt to collect a debt in Florida made it foreseeable that they would be haled into a Florida court. *See* Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985).

3. Venue is proper because the alleged acts and transactions complained of originated in Miami Dade county, and the Defendants transact and/or conduct business here.

## PARTIES

4. Plaintiff is a state prosecutor for Miami Dade county and has occupied that position for approximately 30 years. Plaintiff's identity was stolen in Miami Dade county in approximately May 2018.

5. Credit One Bank, N.A. is a nationally chartered bank and conducts business throughout the United States, including in Miami Dade county, Florida.

6. Experian is a foreign for-profit corporation with its principal place of business located at 475 Anton Boulevard, Costa Mesa, CA 92626. Experian conducts its business operations on a nationwide basis, including in Miami Dade county.

## FAIR CREDIT REPORTING ACT

7. "Congress enacted the FCRA in 1970 to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." Safeco Ins. Co. of Am. v. Burr, 551 U.S. 47, 52 (2007) (citations omitted).

8. Congress found that "inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system." 15 U.S.C. § 1681(a)(1)

9. Congress also found that "[c]onsumer reporting agencies have assumed a vital role in assembling and evaluating consumer credit and other information on consumers" and that "[t]here is a need to insure that consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681(a)(3), (4).

10.     To further the FCRA's purpose, Congress requires "consumer reporting agencies [to] adopt reasonable procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. § 1681(b).

11.     "The aim of the Fair Credit Reporting Act is to see that the credit reporting system serves the consumer as well as the industry. The consumer has a right to information which is accurate; he has a right to correct inaccurate or misleading information; he has a right to know when inaccurate information is entered into his file; he has a right to see that the information is kept confidential and is used for the purpose for which it is collected; and he has a right to be free from unwarranted invasions of his personal privacy. The Fair Credit Reporting Act seeks to secure these rights." *Hearings on S. 823 Before the Subcomm. on Financial Institutions of the S. Comm. on Banking and Currency*, 91st Cong. 2 (1969).

12.     The FCRA requires credit reporting agencies to "follow reasonable procedures to assure maximum possible accuracy of consumer reports." 15 U.S.C. § 1681e(b).

13.     If a consumer disputes information contained in his or her credit report, the FCRA requires a credit reporting agency to "conduct a reasonable reinvestigation to determine whether the disputed information is inaccurate and record the current status of the disputed information, or delete the item from the file in accordance with paragraph (5), before the end of the 30-day period beginning on the date on which the agency receives the notice of the dispute from the consumer or reseller." 15 U.S.C. § 1681i(a)(1)(A).

14.     In performing the reinvestigation, the FCRA requires a credit reporting agency to "review and consider all relevant information submitted by the consumer in the period

described in paragraph (1)(A) with respect to such disputed information." 15 U.S.C. § 1681i(a)(4).

15.     If the disputed information is inaccurate or incomplete or cannot be verified, the consumer reporting agency "shall (i) promptly delete that item of information from the file of the consumer, or modify that item of information, as appropriate, based on the results of the reinvestigation; and (ii) promptly notify the furnisher of that information that the information has been modified or deleted from the file of the consumer." 15 U.S.C. § 1681(a)(5)(A)(i), (ii).

16.     The FCRA provides a private right of action against any person that violates its provisions. 15 U.S.C. § 1681o, 1691n.

## FACTUAL BACKGROUND

17.     In May 2018, Plaintiff learned that an unknown individual had stolen his identity and used it to open a credit card with Credit One.

18.     Plaintiff learned that his identity had been stolen when he received a collection letter in the mail demanding that he pay $749.00 for a credit card account that had been charged off.

19.     Plaintiff immediately filed a written dispute to Experian advising that he had been the victim theft, that the account was not his, and that it was the sole negative credit entry on his credit report.

20.     Experian then transmitted the request to Credit One, who received it, and falsely confirmed that the account did indeed belong to Plaintiff. This false account remains on Plaintiff's credit report as of the filing of this Complaint.

21.     Each Defendant ignored the simple fact that Plaintiff has resided in Cooper City

4

for more than 20 years,  and the fraudulent account was opened at an address in Miami, Florida.

22. No employee, representative, or agent from Experian telephoned Plaintiff to discuss his identity theft allegations.

23. No employee, representative, or agent from Credit One telephoned Plaintiff to discuss his identity theft allegations.

24. As a result of the false and negative account on Plaintiff's credit report, Plaintiff's credit score plummeted by approximately 100 points.

25. Unfortunately for Plaintiff, in the interim, he had applied for an $80,000.00 line of credit from Discover Home Equity Loans.  Because of his credit score, he was denied the loan.

26. Plaintiff is also a long-term credit card holder with American Express, and maintains a balance with his account.

27. Because of negative and false credit information that American Express received from Experian, American Express raised Plaintiff's interest rate to 18.99%.

28. Experian continues to report the negative account, despite having knowledge that Plaintiff does not owe the alleged debt.

29. Experian refused to delete the inaccurate credit card account, causing great frustration to Plaintiff.

30. Plaintiff is now "locked out" of the credit market because of the erroneous information and cannot obtain credit on the most favorable terms as a result.

31. Plaintiff requested verification and deletion of the negative account; however, Defendants never properly evaluated or considered the Plaintiff's information, claims or

evidence, and did not make proper attempts to substantiate or verify the accuracy of the trade-line.

## COUNT I
### Violation of 15 U.S.C. § 1681e(b) by Experian

32. At all times relevant, Plaintiff is and was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

33. Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

34. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it publishes and maintains concerning the Plaintiff.

35. Because of Experian's violation, Plaintiff suffered damage, including but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, emotional distress, and the embarrassment of credit denials.

36. Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

37. In the alternative, Experian's conduct was negligent; entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

38. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and

against Experian for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such further relief as the Court deems proper.

### COUNT II
### Violation of 15 U.S.C. § 1681i by Experian

39.   At all times relevant, Plaintiff is and was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

40.   Experian is a "consumer reporting agency," as defined in 15 U.S.C. § 1681(f) because it is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports to third parties and disburses consumer reports under contract for monetary compensation.

41.   Plaintiff sent, and Experian received, a written dispute of the negative credit entry on Plaintiff's credit report.

42.   After receiving the dispute, Experian violated 15 U.S.C. § 1681i by failing to delete inaccurate information in Plaintiff's credit file; by failing to conduct a lawful reinvestigation; by failing to forward all relevant information to furnishers; by failing to maintain reasonable procedures with which to filter and verify disputed information in the Plaintiff's credit file; and by relying upon verification from a source it has reason to know is unreliable.

43.   Because of Experian's violation, Plaintiff suffered damage, including but not limited to, loss of credit, loss of the ability to purchase and benefit from credit, the statutory right to accurate credit information, emotional distress, and the embarrassment of credit denials.

44.   Experian's conduct was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

45.     In the alternative, Experian's conduct was negligent; entitling Plaintiff to recover damages under 15 U.S.C. § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681 o.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Experian for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such further relief as the Court deems proper.

## COUNT III
### Violation of 15 U.S.C. § 1681s-2(b) by Credit One Bank

47.     At all times relevant, Plaintiff is and was a "consumer" as defined by the Fair Credit Reporting Act, 15 U.S.C. § 1681a(c).

48.     Credit One is a "furnisher" under the FCRA because it provides information concerning consumers to credit reporting agencies.

49.     Credit One violated 15 U.S.C. § 1681s-2(b) by failing to fully and properly investigate the Plaintiff's dispute of the negative account; by failing to review all relevant information regarding the negative account and by failing to accurately respond to the disputes concerning the negative account.

50.     Because of Credit One's violation, Plaintiff suffered damage, including but not limited to, loss of credit; loss of the ability to purchase and benefit from credit; the statutory right to accurate credit information, emotional distress, and the embarrassment of credit denials.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Credit One for actual damages, statutory damages, attorney's fees, litigation expenses and costs of suit, and such further relief

## JURY TRIAL DEMAND

Plaintiff respectfully requests trial by jury.


Date: June 12, 2019                                Respectfully Submitted,

                                                   */s/ Darren R. Newhart*
                                                   Darren R. Newhart, Esq. (FL Bar No: 0115546)
                                                   E-mail: darren@cloorg.com
                                                   Secondary: karen@cloorg.com
                                                   */s/ J. Dennis Card Jr.*
                                                   J. Dennis Card, Jr., Esq.  (FL Bar No: 0487473)
                                                   E-mail: dennis@cloorg.com
                                                   CONSUMER LAW ORGANIZATION, P.A.
                                                   721 US Highway 1, Suite 201
                                                   North Palm Beach, Florida 33408
                                                   Telephone: (561) 822-3446
                                                   Facsimile: (305) 574-0132
                                                   *Attorneys for Plaintiff*